UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASSURED SOURCE ASO, LLC,
a Delaware limited liability company,
and ASSURED SOURCE NATIONAL, LLC,
a Florida limited liability company,

    Plaintiffs,

v.                                              Case No. 08-12065

F.J. SCAIME CONSTRUCTION, CO., INC.,    HONORABLE AVERN COHN
a New York corporation, PHOENIX BUILDING
CORPORATION, INC., a New York corporation,
and ANGEL CONSTRUCTION GROUP, LLC,
a New York limited liability company

    Defendants.

_____/

# MEMORANDUM AND ORDER
### DENYING DEFENDANT F.J. SCAIME CONSTRUCTION, CO., INC.'s MOTION TO DISMISS, TRANSFER VENUE, OR FOR SUMMARY JUDGMENT

I. Introduction

This is essentially a payment dispute. Plaintiffs Assured Source ASO, LLC and Assured Source National, LLC (collectively "Assured")[1] are suing defendants F.J. Sciame Construction Co., Inc. ("Sciame"), Phoenix Building Corp., Inc. ("Phoenix"),[2] and Angel Construction Group, LLC ("Angel") seeking reimbursement for monies Assured

---

[1] The relationship between Assured Source ASO, LLC and Assured Source National, LLC is not clear. According to the First Amended Complaint (FAC), Assured Source ASO, LLC is a "Delaware limited liability company" principally based in Michigan. Assured Source National, LLC is "a Florida corporation" principally based in Michigan. See FAC at ¶ 1, 2.

[2] As noted below, Assured does not make a discrete claim against Phoenix.

advanced on behalf of Angel to pay Angel's laborers.

Before the Court is Sciame's[3] motion to dismiss or summary judgment on the grounds of (1) lack of personal jurisdiction, (2) improper venue, and (3) failure to state a claim. For the reasons that follow, the motion will be denied.

II. Background

A.

The dispute stems from the construction of a hotel in New York City, the Cooper Square Hotel project ("project"). On February 14, 2006, Scaime entered into a Construction Management Agreement with Cooper Square Hotel LLC in which Scaime agreed to be the general contractor.

On November 1, 2006, Scaime entered into a subcontract with Angel to perform superstructure concrete at the project for a contract price of $5,559,770.

On November 16, 2006, Angel entered into a Professional Employer Services Agreement ("PEO Agreement") with Assured Source National, LLC to provide payroll services for Angel for the duration of the project. The PEO Agreement contains a forum selection clause, providing for venue and jurisdiction of disputes to rest "exclusively in the circuit or District Courts of Oakland County, Troy, Michigan or the United States Federal District Court sitting in Detroit, Michigan."

Assured, apparently on representations of payment from Angel and/or Sciame fronted payroll for Angel's laborers on the project.

On June 18, 2007, Sciame and Angel modified the subcontract (Modification)

---

[3]Angel and Phoenix were added as parties in the FAC, which was filed after Scaime filed the instant motion.

which Sciame agreed "to timely issue payment in the full amount of the gross payroll and provided to it by [angel] to Assured, [Angel's] payroll service." At the time of the Modification, Angel owed Assured $125,000.00.

The subcontract was further amended on June 29, 2007 (Amendment). Under this Amendment, Angel made several promises to Sciame including that compensation Scaime paid to Angel was for necessary work and that Angel had appropriate insurance coverage.

Apparently, during the course of Angel's work on the project, several personal injury actions were brought by Angel's employees against Sciame. Scaime's insurance carrier notified Angel's insurance carrier seeking a defense. Angel did not have adequate insurance coverage and failed to provide proof of insurance to Scaime. As a result, according to Scaime, Angel's last day of work on the job was August 6, 2007.

Angel and Scaime are in arbitration in New York in which Scaime is seeking damages due to it having to pay out and defend against the numerous personal injury actions.

Assured says that as of August 2007, defendants have failed to reimburse it despite repeated requests for payments and repeated promises that the payment was forthcoming. It is not clear whether or how much Scaime paid to Assured. It is also not clear for what time frame Assured is seeking payment.

Defendants claim that they are not responsible for paying because Angel's last day of work was August 6, 2007 and they did not authorize the continuance of payments into September.

Assured says that nobody at Sciame or Angel informed them of the termination

3

of Angel's contract with Sciame, and that email history shows that Sciame was well aware that payment was continuing and that there was communication between the two that suggested that Sciame was going to reimburse Assured. Assured also says that Sciame continued to ask for documentation of payments, which was duly provided, but that they still refused to pay.

Sciame says that Angel is responsible for the amount claimed by Assured.

B.

On April 1, 2008, Assured Source ASO, LLC sued Scaime in Oakland County Circuit Court, asserting the following claims: (1) breach of contract based on Assured being a third-party beneficiary of the contract between Sciame and Angel, (2) unjust enrichment, (3) promissory estoppel, and (4) account states. Assured claims damages of $316,561.13, plus interest. On May 15, 2008, Scaime removed the case to federal court on the grounds of diversity jurisdiction and filed the instant motion.

On June 9, 2008, Assured Source ASO, LLC moved to file a First Amended Complaint (FAC) to add Assured Source National, LLC as a plaintiff, add Angel and Phoenix as defendants and make additional claims. The Court granted the motion.

The FAC makes the following claims:

Count I - Breach of Contract (Scaime) - based on Assured being a third-party beneficiary to contract between Angel and Scaime, particularly the Modification
Count II - Breach of Contract (Angel) - based on breach of the PEO Agreement
Count III - Unjust Enrichment (all defendants)
Count IV - Promissory Estoppel (all defendants)
Count V - Account Stated (Angel).

III. Analysis

A. Personal Jurisdiction

1.

Scaime first argues that dismissal is proper under Fed. R. Civ. P. 12(b)(2) because the Court lacks personal jurisdiction over it. Assured says that the Court has limited personal jurisdiction over Scaime under Michigan's long arm statute and this is consistent with due process.

"The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003). When ruling on a jurisdictional motion to dismiss, the court considers the pleadings and affidavits in a light most favorable to the plaintiff. Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1272 (6th Cir. 1998). The plaintiff must make a prima facie showing of jurisdiction. Id. Further, the court does not weigh the controverting assertions of the party seeking dismissal. Id. However, if the written submissions raise disputed issues of fact that would defeat jurisdiction or seem to require determinations of credibility, the court has the discretion to order an evidentiary hearing. Id. The court may also order discovery broad enough to allow the parties to prepare for the evidentiary hearing. Id. At the evidentiary hearing, the plaintiff must establish jurisdiction by a preponderance of the evidence. Id.

"A court's exercise of personal jurisdiction over a nonresident defendant is appropriate only if it meets the state's long-arm statute and constitutional due process requirements." Intera Corporation v. Henderson, 428 F.3d 605, 615 (6th Cir. 2005). The court's exercise of jurisdiction comports with due process "when the defendant has sufficient minimum contacts such that traditional notions of fair play and substantial justice are not offended." Id. "When a state's long-arm statute reaches as far as the

limits of the Due Process Clause, the two inquiries merge and the court need only determine whether the assertion of personal jurisdiction violates constitutional due process." Id. at 616 (citing Aristech Chem. International v. Acrylic Fabricators, 138 F.3d 624, 627 (6th Cir.1998)). Michigan's limited personal jurisdiction provisions extends the state's jurisdiction to the limits permitted by due process requirements, thus this Court only performs one inquiry under the Due Process Clause. Chandler v. Barclays Bank PLC, 898 F.2d 1148, 1150 (6th Cir. 1990); and Bridgeport Music, Inc. v. Still N the Water Pub., 327 F.3d 472, 477 (6th Cir. 2003).

Michigan's Long Arm Statute, M.C.L.A. § 600.705, provides:

The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
(1) The transaction of any business within the state

The Sixth Circuit has set forth a three part test for determining whether, consistent with due process, a court may exercise limited personal jurisdiction: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. Youn, 324 F.3d at 418 (citing Southern Machine Company v. Mohasco Industries, Inc., 401 F.2d 374, 381 (6th Cir. 1968)).

Purposeful availment is more than a passive availment of the forum state's

opportunities, it is a deliberate undertaking. Bridgeport Music, 327 F.3d at 478. "The purposeful availment requirement is satisfied when the defendant's contacts with the forum state proximately result from actions by the defendant himself that create a substantial connection with the forum State, and when the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." Id. (citations omitted) (emphasis original). "The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" Id. (citation omitted). "The emphasis in the purposeful availment inquiry is whether the defendant has engaged in some overt actions connecting the defendant with the forum state." Id.

2.

While Scaime is a New York corporation engaged in construction services in New York, the record contains sufficient facts to establish personal jurisdiction over it in Michigan. As to the first factor of purposeful availment, under the Modification to the contract between Angel and Scaime, Scaime agreed to reimburse Assured which involved sending monies from New York to Michigan. Emails attached to Assured's response indicate that Scaime representatives had direct contact with Assured representatives in Michigan. To this end, Scaime's contacts with Michigan were neither random nor fortuitous. Scaime has therefore purposefully availed itself of acting in Michigan.

As to the second factor regarding the cause of action, Assured's claims against

7

Scaime also arise directly from Scaime's promise to reimburse Assured for payroll funds advanced on Angel's behalf. Scaime's actions - payment to Assured - directly relate to Assured's claims. Thus, this factor favors exercising personal jurisdiction.

Finally, as to the final factor regarding the consequences of Sciame's actions and whether jurisdiction is reasonable, Assured says that the consequences of Scaime's actions - failure to pay - have put it at a risk of bankruptcy.[4] These consequences have a connection with Michigan because Assured is a Michigan corporation. Thus, this factor favors jurisdiction.

Overall, the Court is satisfied that Scaime is subject to personal jurisdiction under Michigan's long arm statute based on its contacts with the state and the exercise of jurisdiction comports with due process.

## B. Venue

Scaime also moves to dismiss for improper venue, or in the alternative to transfer the case to "the appropriate district in the state of New York" under Fed. R. Civ. P. 12(b)(3).

Scaime first argues that venue is improper in the Eastern District of Michigan and, therefore, the case should be dismissed. Under 28 U.S.C. § 1391(a):

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in

---

[4] Assured says that three of its other "entities have already filed Chapter 11 petitions resulting, in large part, form the lack of cash flow caused by Scaime's refusal to reimburse it or [sic] payroll advanced by [Assured] for Scaime." Attached to Assured's response are Chapter 11 petitions filed by Assured Source PEO, LLC, Assured Source PEO 2, LLC, and Assured Resources, LLC. The relationship of these Assured entities to the two named Assured entity plaintiffs is not clear.

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Because Scaime is a New York corporation venue in this district cannot be premised upon § 1391(a)(1). However, it cannot be said that the action was improperly brought in this district. A substantial part of the events giving rise to Assured's claims can be said to have occurred here. This case is about a failure to receive payments. Assured received, and later failed to receive, payments from Scaime in this district. Assured made payments for Angel's payroll out of bank accounts located in Michigan. Therefore, venue is proper under § 1391(a)(2). Venue is also proper under § 1391(a)(3) because, as discussed above, Scaime is subject to personal jurisdiction in this district. As such, the case is not subject to dismissal for improper venue.

B.

Scaime has alternatively moved for transfer of venue under 28 U.S.C. § 1404(a), which permits a district court to transfer "any civil action to any other district or division where it might have been brought." A district court, however, "has broad discretion to grant or deny a motion to transfer [a] case." Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir. 1994) (quoting Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986)). The court gives deference to the plaintiff's choice of forum, and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Stewart v. Dow Chemical Co., 865 F.2d 103, 106 (6th Cir. 1989) (quoting Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508-09 (1947)).

To transfer an action under 28 U.S.C. 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves in the interest of justice; and (3) transfer is in the convenience of the witnesses and parties. International Show Car Ass'n v. ASCAP, 806 F. Supp. 1308, 1310 (E.D. Mich. 1992). The following factors must also be considered: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice. Id. at 1310 (citations omitted); Helder v. Hitachi Power Tools, 764 F. Supp. 93, 96 (E.D. Mich. 1991).

Scaime says that a transfer is warranted because (1) sources of proof - witnesses and project records - are located in New York, (2) it would be easier and less expensive for witnesses to appear and testify in New York, (3) moving the trial to New York would lessen the effect on Scaime's business, and (4) the public interest of the citizens of New York would be served because that is where the project is located.

Scaime also points out that Assured National LLC is already involved in litigation in New York regarding the project with the owner of the hotel, Cooper Square Hotel, Inc. Apparently Assured National LLC placed a mechanics lien on the project with the Cooper Square Hotel has sought to discharge. Because Assured National LLC has availed itself of litigating in New York regarding the project, Sciame says Assured should be required to litigate all its disputes regarding the project in New York.

Assured says that a transfer will merely shift any inconvenience from Scaime to it. Assured also says that sources of proof are in Michigan - its records and witnesses pertaining to the payroll fund disbursements. Assured also says that the fact that the

project was performed in New York is irrelevant.  This is a payment dispute, not a construction dispute.  Moreover, Assured points out that Angel is a party to the litigation and under the PEO Agreement, Angel agreed to litigate in Michigan.  Assured says that Sciame is an indispensable party to the action.  Scaime has already been finger pointing at Angel as being obligated to Assured.

The Court is not convinced that a transfer is appropriate.  This is a dispute over payments.  The fact that it involves a construction project in New York and that Assured is also litigating a dispute with the owner of the hotel is not relevant.  Assured's witnesses and records are in Michigan.  The case is about monies allegedly owed to a Michigan corporation under certain contracts, one of which (the PEO Agreement), has a forum selection clause.  , would be brought in as a third-party defendant regardless of where the case is litigated by Angel and it would greatly serve the interest of justice to have one single verdict as opposed to conflicting ones.

C.  Failure to State A Claim and Summary Judgment

1.

Scaime says that Assured's claims against it should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief."  Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face."  Id. at 1974 (rejecting the traditional Rule 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46

11

(1957)).  Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 127 S.Ct. at 1964-65 (citations omitted); Association of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007).  Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp., 127 S.Ct. at 1965 (citations omitted).

With respect to summary judgment, summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e).  Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion.  See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50.  Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings.  Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir.

1968). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. See Anderson, 477 U.S. at 255. Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted. Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

2.

Scaime's first argument - that dismissal is appropriate because Assured Source ASO, LLC is not the Assured entity with whom Angel contracted - is moot in light of Assured Source National, LLC being added as a party plaintiff.

Scaime also argues that Assured has failed to state a breach of contract claim because it is not a third-party beneficiary to the contract between Scaime and Angel. Scaime makes the same argument in seeking summary judgment.

M.C.L. § 600.1405 provides that "Any person for whose benefit a promise is made by way of contract…has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee." Sciame argues that Plaintiff is not a third-party beneficiary and that they made no promise to reimburse them. However, the Modification to the subcontract agreement between Sciame and Angel contained a provision where Sciame promised "to timely issue payment in the full amount of the gross payroll as provided to it by [Angel] to Assured Source, [Angel]'s payroll service." Assured plead this in the SAC. See SAC at ¶ 20 (citing Exhibit B to the SAC - the Modification). Clearly, Assured has plead a breach of contract claim based on a third-party beneficiary theory. See SAC at ¶¶ 19-23.

As to whether summary judgment is proper, putting aside the fact that the case is in the early stages, the documents submitted by the parties show that, at this point, there is a genuine issue of material fact as to whether Scaime owes Assured for payroll

13

funds Assured advanced on Angel's behalf, particularly for work performed after August 7, 2008. Emails between Scaime representatives and Assured representatives indicate a course of communication regarding payroll disbursements <u>after</u> August 7, 2008. Moreover, although Scamie, through the affidavit of Joseph Mizzi, its President, says that all monies owed have been paid, the emails show that Assured and Scaime were still trying to figure out what was paid, what was owing well into September 2008. Thus, at least from Assured's perspective, a full reconciliation has not occurred. Overall, summary judgment is not appropriate on Assured's breach of contract claim.

As to Assured's claims against Scaime for unjust enrichment and promissory estoppel, Scaime does not specifically argue that they have been improperly plead. Scaime does, however, say that summary judgment is proper essentially for the same reasons with respect to the breach of contract claim. For the reasons the contract claim must go forward, so too must these claims.

### IV. Conclusion

For the reasons stated above, Scaime's motion is DENIED.

SO ORDERED.


Dated: September 4, 2008         s/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 4, 2008, by electronic and/or ordinary mail.

                                  s/Julie Owens
                                  Case Manager, (313) 234-5160